UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWARD GOLSON,

       **Plaintiff,**

                                **Civil Action 2:13-cv-373**
       **v.**                         **Judge James L. Graham**
                                **Magistrate Judge Elizabeth P. Deavers**

**GARY C. MOHR,**
**DIRECTOR, O.D.R.C.,** *et al.*,

       **Defendants.**


### ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate proceeding without the assistance of counsel, brings this action against Gary Mohr, Director of the Ohio Department of Rehabilitation and Corrections ("ODRC"), as well as two prison officials, alleging retaliation in violation of the First Amendment. This matter is before the Court for a screen of Plaintiff's Complaint pursuant to 42 U.S.C. § 1915(e)(2). This matter is also before the Court for consideration of correspondence the Court received on August 14, 2013. (ECF No. 17.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's claims against Defendants Mohr and Dennis McHugh be **DISMISSED** for failure to state a claim pursuant to § 1915(e)(2). Plaintiff may proceed with his claims against Defendant Lisa Crain. The Court concludes that no action is necessary in response to Plaintiff's correspondence.

**I.**

Plaintiff filed this action on April 19, 2013, alleging that Defendant Lisa Crain issued an inmate conduct report against him in retaliation for filing an informal complaint against a

corrections officer.  (Compl. 3, ECF No. 7.)  Plaintiff represents that he suffered unwarranted

disciplinary action as a result.  Plaintiff further alleges that he informed Defendant McHugh

about Defendant Crain's purported retaliatory conduct, but that Defendant McHugh failed to

take action.  *Id.* at 4.  Finally, Plaintiff contends that Mohr, "rendered an unfavorable decision

pertaining to the prisoner informal complaint resolution process."  *Id.* at 3.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case *at any time* if the court determines that--
>
>     \*      \*      \*
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii) (emphasis added); *Denton*, 504 U.S. at 31.  Thus, § 1915(e)

requires *sua sponte* dismissal of an action or a claim upon the Court's determination that it is

---

[1]Formerly 28 U.S.C. § 1915(d).

frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont County Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## III.

As a preliminary matter, the Court acknowledges receipt of correspondence from an individual on behalf of Plaintiff. (ECF No. 17.) The Court concludes that no action is necessary

in response to the correspondence.  The circumstances set forth in the letter are matters that are subject to discovery in this case and, with appropriate supporting evidence, will be considered by the Court at the appropriate stage.

## IV.

In addition, the Undersigned concludes that Plaintiff's claims against Defendants Mohr and McHugh must be dismissed for failure to state a claim.

First, state prisoners do not have a constitutionally protected right to prison grievance procedures.  *Walker v. Michigan Dept. of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *see also Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").  Nor are prison officials obligated to respond to an inmate's grievance in a way that satisfies the inmate.  *Overhold v. Unibase Data Entry, Inc.*, 221 F.3d 1335, *3 (6th Cir. 2000).  Consequently, Plaintiff's allegations that Mohr failed to investigate or satisfactorily resolve his grievance fails to state a claim, and his claim against this Defendant must be dismissed.

Second, a supervisor, such as Defendant McHugh, cannot be held liable for a subordinate's actions under 42 U.S.C. § 1983.  To plead a cause of action under § 1983, a plaintiff must plead two elements: (1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).  To plead the second element sufficiently, a plaintiff must allege "personal involvement" of the person sought to be held liable.

*Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).  This requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted).  "A supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).  Put another way, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Id.*  Here, Plaintiff has not alleged personal involvement on the part of Defendant McHugh.  Rather, he seeks to hold Defendant McHugh liable for failing to take action with respect to Defendant Crain's alleged retaliation.  Under these circumstances, Plaintiff has failed to state a claim against Defendant McHugh, and his purported claim against this Defendant must be dismissed.  Accordingly, it is **RECOMMENDED** that Plaintiff's claims against Defendants Mohr and McHugh be **DISMISSED** pursuant to § 1915(e)(2).

## V.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

      **IT IS SO ORDERED**.

Date: August 19, 2013                           */s/ Elizabeth A. Preston Deavers*
                                             Elizabeth A. Preston Deavers
                                             United States Magistrate Judge