```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Edward Golson,

     Plaintiff,

  v.                              Case No. 2:13-cv-373

Gary C. Mohr, Director,
O.D.R.C., et al.,

     Defendants.

## ORDER

    This is a civil rights action brought by plaintiff Edward Golson, a state inmate, against Gary Mohr, Director of the Ohio Department of Rehabilitation and Corrections; Lisa Crain, a social worker at the Madison Correctional Institution; and Dennis McHugh, Deputy Warden of Operations at the Madison Correctional Institution.  At the time the complaint was filed, plaintiff was incarcerated at the Madison Correctional Institution.  Plaintiff alleged that Crain issued an inmate conduct report against him in retaliation for filing an informal complaint against a corrections officer, in violation of his First Amendment rights.  He further alleged that McHugh failed to take action concerning Crain's alleged retaliatory conduct, and that Mohr rendered an unfavorable decision pertaining to the prisoner informal complaint resolution process.  The only relief sought by plaintiff in his complaint is injunctive relief ordering the defendants to properly implement the prison inmate informal complaint resolution process, and ordering his transfer to another institution.

    In a report and recommendation filed on August 19, 2013, the magistrate judge conducted an initial screen of plaintiff's

complaint pursuant to 42 U.S.C. §1915(e)(2).  The magistrate judge recommended that plaintiff be permitted to proceed with his claims against Crain, and that the plaintiff's claims against Mohr and McHugh be dismissed pursuant to §1915(e)(2) for failure to state a claim.

Objections to the report and recommendation were due by October 17, 2013.  Plaintiff's objection to the report and recommendation was filed on October 22, 2013, but was dated October 16, 2013.  Therefore, the court will consider the objection.  If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Plaintiff does not address the recommendations of the magistrate judge concerning his claims against Mohr and McHugh.  The magistrate judge recommended that the claim against Mohr for allegedly rendering an unfavorable decision in the prison grievance process be dismissed.  This court agrees with that recommendation, as state prisoners have no constitutionally protected right to prison grievance procedures, *see Walker v. Michigan Dep't of Corr.*, 128 Fed.Appx. 441, 445 (6th Cir. 2005), nor are prison officials obligated to respond to an inmate's grievance in a way that satisfies the inmate, *see Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335 (table), 2000 WL 799760 at *3 (6th Cir. 2000).  The

2

magistrate judge also recommended dismissal of plaintiff's claim against McHugh on the ground that he cannot be held liable under 42 U.S.C. §1983 for the actions of a subordinate absent allegations of personal involvement. *See Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)(to be liable under §1983, supervisor must have encouraged or participated in specific incident of misconduct). This court agrees with the recommendation of the magistrate judge that the complaint fails to state a claim against Mohr and McHugh.

Plaintiff's objection discusses his retaliation claim against Crain, although the magistrate judge recommended that plaintiff's claim against Crain be allowed to proceed. However, plaintiff's objection reveals that after the report and recommendation was filed, plaintiff was transferred to the Lebanon Correctional Institution. Because the complaint only requests injunctive relief, this raises the issue of whether plaintiff's claims are moot.

The court properly raises the jurisdictional issue of mootness sua sponte. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993). Article III of the United States Constitution limits a federal court's exercise of judicial power to actual, ongoing "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. Article III's case-or-controversy requirement subsists throughout all stages of the litigation. *U.S. v. Juvenile Male*, 131 S.Ct. 2860, 2864 (2011). "The mootness doctrine is a critical component of this jurisdictional limitation. It 'requires that there be a live case or controversy at the time that a federal court decides the case.'" *Green Party of Tenn. v. Hargett*, 700 F.3d 816, 822

3

(6th Cir. 2012)(quoting *Burke v. Barnes*, 479 U.S. 361, 363 (1987)). Federal courts do not continue to consider an action if the controversy which underlies the action ceases to exist prior to its termination. *Big Rivers Electric Corp. v. Environmental Protection Agency*, 523 F.2d 16, 19 (6th Cir. 1975). When an inmate files suit seeking injunctive relief against prison officials at the institution of his incarceration based upon those officials' wrongful conduct and that inmate is subsequently transferred or released, courts routinely dismiss the injunctive relief claims as moot. *Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011); *see also, Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison). This is because an inmate's transfer ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger*, 983 F.2d at 724; *Fredette v. Hemingway*, 65 Fed.Appx. 929, 931 (6th Cir. 2003).

"There is . . . an exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette*, 65 Fed.Appx. at 931. This narrow, capable-of-repetition exception is limited to situations in which "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" and "there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. (internal quotation marks and citations

4

omitted).  The circumstances here do not fall within this exception.

Applying the foregoing principles to the instant case, the court concludes that plaintiff's injunctive relief claims are moot. Plaintiff has already obtained his requested transfer to another institution. The court's entry of equitable relief in plaintiff's favor against Crain and McHugh, employees of the Madison Correctional Institution, would have no effect on the behavior of those defendants toward him because defendants perform their duties at an institution where plaintiff is no longer incarcerated. This court has no jurisdiction to accord plaintiff prospective relief that would have no effect or impact on those defendants. In addition, because there is no reasonable expectation that plaintiff will be transferred back to Madison Correctional Institution, or that he will be subjected to the same types of actions alleged in his complaint at the Lebanon Correctional Institution, the capable-of-repetition exception to the mootness doctrine does not apply.

The court has reviewed the report and recommendation and plaintiff's objection in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b) and concludes that plaintiff's objection lacks merit. The report and recommendation (Doc. 18) is adopted in part and rejected in part. Plaintiff's claims against McHugh for failing to take action concerning Crain's alleged retaliation and against Mohr for allegedly failing to investigate or satisfactorily resolve plaintiff's grievance are dismissed pursuant to §1915(e)(2) for failure to state a claim. Plaintiff's claims for injunctive relief against all defendants are dismissed without prejudice as moot. This case is hereby dismissed in its entirety.

It is so ordered.

Date: October 25, 2013                S/James L. Graham
                                            James L. Graham
                                            United States District Judge